SKC/KB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Satender Singh,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-10230-PHX-EJM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges Petitioner entered the United States in 2023, was briefly detained, and then released. In approximately November 2026, Petitioner was again detained and has been held ever since without a bond hearing. As such, Petitioner alleges the re-detention violates Petitioner's Fifth Amendment rights and seeks release on the same conditions as before and an injunction against Petitioner's re-detention without a pre-deprivation hearing where the Government bears the burden of proof.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "Respondents do not object to an order from the Court requiring a bond redetermination hearing before an IJ within seven (7) days with a Notice of Compliance filed with this Court three (3) days after that." (Doc. 8.)

But because Respondents do not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before being detained, making the detention unlawful, the

Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. The remainder of the Petition is denied as moot.

(2) Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

. . . .

. . . .

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 17th day of November, 2026.

Eric J. Markovich
United States Magistrate Judge